# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> vs. <br> GILBERTO AYUN-FLORES, <br>     Defendant. | CASE NO. 16cr1115-BEN <br><br> ORDER DENYING MOTION TO DISMISS <br> [Dkt. No. 52] |

Now before the Court is Defendant's Motion to Dismiss. The motion to dismiss the Indictment is denied.

## BACKGROUND

Ayun-Flores is charged with the crime of being a Removed Alien Found in the United States in violation of 8 U.S.C. § 1326(a) and (b). Ayun-Flores is a citizen of Mexico. It does not appear that he has ever enjoyed lawful permanent resident status ("LPR") in the United States. It appears that he entered the United States sometime before 1996 as it appears he was convicted on June 27, 1995 of felony kidnapping in Arizona state court.[1] It also appears he was later removed from the United States. In April 2016, he was found in the United States north of the international border.

---

[1] Defendant admitted to this state conviction in a plea agreement signed in December 2006 and filed in Case No. 06cr2456-GT. He admitted to the same state conviction in another plea agreement signed in February 2012 in Case No. 10cr1723-CKJ in the United States District Court for the District of Arizona.

- 1 -

# CHALLENGING THE CONSTITUTIONALITY OF
# THE CITIZENSHIP STATUTES

Defendant moves to dismiss based upon an argument that the citizenship statutes are unconstitutional. This is an unorthodox argument[2] and it is not persuasive.

Defendant's argument relies on the recent decision of *Sessions v. Morales-Santana*, 137 S. Ct. 1678 (June 12, 2017). Defendant asserts that *Sessions* decided that the citizenship laws of the United States facially violate the Fifth Amendment equal protection clause. Defendant asserts that to be guilty of violating § 1326, one must be a previously removed alien. Defendant then asserts that *Sessions* invalidates all laws of the United States pertaining to the definition of citizenship and alienage. With this syllogism, Defendant concludes that if the definition of an alien is unconstitutional, he cannot be deemed an alien, and if he cannot be deemed an alien, he cannot be found guilty of being an alien found in the United States after having been previously removed. The argument stretches *Sessions* too far.

*Sessions* concerned the law regarding derivative citizenship under 8 U.S.C. §§ 1407(a) and 1409(c). Defendant here makes no claim that he should be accorded derivative citizenship. He makes no claim that a parent was a United States citizen. He makes no claim of that sort at all. He simply swings *Sessions* as a blunderbuss at the entire structure of laws concerning citizenship and alienage. To use Defendant's words, "[*Sessions v.*] *Morales-Santana*'s substantive holding that the citizenship laws facially violate equal protection means Mr. Hernandez-Gamez cannot be convicted of a crime where being 'not a citizen' is an element of the offense." The argument places too much weight on the *Sessions* decision. The Supreme Court does not describe its decision as applying to provisions beyond those defining derivative citizenship. It says nothing about § 1326. It says nothing

---

[2]The motion filed here is an almost verbatim copy of a motion filed by another defendant in *United States v. Hernandez-Gamez*, Case No. 17cr917-BEN.

about § 922(g)(5). It says noting about § 1101(a)(3). Defendant leans too heavily on the finding of unconstitutionality pinpointed in *Sessions,* and the support fails to hold. No decisions have yet been identified by Defendant adopting his argument.

Defendant does not assert he is a United States citizen. To the contrary, three times Defendant has admitted before federal judges that he is a citizen of Mexico and an alien in the United States. He first admitted his alienage and his guilt in violating 8 U.S.C. § 1325 in a plea colloquy before the Court on September 7, 2001 in Case No. 01cr2733-GT. He again admitted his alienage in a plea colloquy before the Court on December 5, 2006 in Case No. 06cr2456-GT. *See* Transcript of Change of Plea, at 7 (Dkt. 14) ("Are you a citizen of Mexico? Yes."); *see also* Plea Agreement, at ¶ 4(b) (Dkt. 9) ("Defendant specifically admits and agrees that . . . Defendant is an alien and not a citizen of the United States."). More recently he admitted his alienage in a Plea Agreement he signed on February 20, 2012 before the United States District Court for the District of Arizona in Case No. 10cr1723-CKG. *See* Plea Agreement, at 7 (Dkt. 48) ("I am not a citizen or national of the United States."). *Sessions* does not change his alienage, nor does it require dismissal of the § 1326 charges.

**CONCLUSION**

Defendant is properly charged as an alien in violation of § 1326, notwithstanding the Supreme Court's decision regarding the derivative citizenship statutes. The motion to dismiss the Indictment is hereby denied.

DATED: October 2, 2017

_____
Hon. Roger T. Benitez
United States District Judge