# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> GILBERTO AYUN-FLORES, <br> Defendant. | CASE NO. 16cr1115-BEN <br><br> ORDER DENYING MOTION TO SUPPRESS STATEMENTS <br> [Dkt. No. 53] |

Now before the Court is Defendant's Motion to Suppress. The motion is denied.

## BACKGROUND

Ayun-Flores is charged with the crime of being a Removed Alien Found in the United States in violation of 8 U.S.C. § 1326(a) and (b). Ayun-Flores is a citizen of Mexico. It does not appear that he has ever enjoyed lawful permanent resident status ("LPR") in the United States. It appears that he entered the United States sometime before 1996 as it appears he was convicted on June 27, 1995 of felony kidnapping in Arizona state court.[1] It also appears he was later removed from the United States. In April 2016, he was found in the United States north of the international border.

Defendant moves to suppress his pre-arrest and post-arrest statements. He claims he was mentally ill and incompetent at the time of his arrest and that all of

---

[1] Defendant admitted to this state conviction in a plea agreement signed in December 2006 and filed in Case No. 06cr2456-GT. He admitted to the same state conviction in another plea agreement signed in February 2012 in Case No. 10cr1723-CKJ in the United States District Court for the District of Arizona.

- 1 -

his statements were therefore involuntary. Defendant apparently has had some history of mental illness. Days after his arrest he was evaluated and judged not competent to stand trial. From these two facts, Defendant asserts that he was incompetent to answer questions and waive rights at the time of arrest. Defendant has not provided a sworn declaration in support of his motion.[2] No evidentiary hearing is necessary. Moreover, his contention is belied by the interrogation video.

Prior to the *Miranda* warnings, Defendant was asked about his language preference. He indicated a preference for the Spanish language. The rest of the interrogation was conducted in Spanish. Routine questions about biographical information were asked and answered. He was asked about his mental and physical health, to which he responded, "Bien." He was asked if he wanted the officers to contact the Mexican Consulate. He responded, "No. No."

*Miranda* warnings were given. Defendant gave his assent and put his initials on a form, when asked if he understood his rights. He was told unambiguously that he could remain silent. He was told unambiguously that he could request counsel. He was told unambiguously that he could stop answering questions at any time. There is no indication that his waiver was involuntary. No verbal threats were recorded. No demeaning comments or implied threats were made. The two agents were not wearing exposed weapons. Defendant said nothing about being hungry, thirsty, or experiencing physical or mental discomfort. Defendant appeared to be comfortably dressed in a sweatshirt. He nodded his head in appropriate ways at appropriate times. There is no indication that Defendant's waiver was the product of intimidation, coercion, or deception. *Moran v. Burbine*, 475 U.S. 412, 421-22

---

[2] Southern District of California Local Rule 47.1(g)(1) requires a declaration. "Criminal motions requiring a predicate factual finding must be supported by declaration(s) . . . . The court need not grant an evidentiary hearing where either party fails to properly support its motion of opposition."
  A trial court has discretion to deny a motion to suppress without an evidentiary hearing if a defendant fails to support the motion with specific facts. *United States v. Herrera-Rivera,* 832 F.3d 1166, 1170 (9th Cir. 2016).

(1986) ("Once it is determined that a suspect's decision not to rely on his rights was uncoerced, that he at all times knew he could stand mute and request a lawyer, and that he was aware of the State's intention to use his statements to secure a conviction, the analysis is complete and the waiver is valid as a matter of law.").

Additionally, by answering questions thereafter, Defendant obviously impliedly waived his right to remain silent. Implied waivers are also acceptable. "*Miranda* may be waived expressly or implicitly. *Berhuis* [*v. Thompson*, 560 U.S. 370 (2010)] makes clear that an implicit waiver of *Miranda* may be shown where (1) the accused is provided with the *Miranda* warnings; (2) the accused understands those advisements; and (3) the accused makes uncoerced statements. 'As a general proposition, the law can presume that an individual who, with a full understanding of his or her rights, acts in a manner inconsistent with their exercise has made a deliberate choice to relinquish the protection those rights afford.'" *United States v. Meza*, No. 15cr3175 JM, 2016 WL 4479396, at *5 (S.D. Cal. Aug. 25, 2016) (quoting *Berhuis*, 560 U.S. at 385). Here, Defendant both explicitly and impliedly waived his rights.

During the interrogation Defendant appeared alert and clear. He answered questions cogently, directly, and to the point. He clearly understood what was being asked. Considering the totality of the circumstances, there is nothing to indicate that Defendant's will was overborne or that he was at that time suffering from mental incompetence. Defendant's answers during the interrogation were voluntary and uncoerced. His right to remain silent was intelligently and unambiguously waived.

The motion to suppress statements is denied.

DATED: October 23, 2017

Hon. Roger T. Benitez
United States District Judge

- 3 -